## SCHONBERG V. CHENEY.

*Contract — for exhibition of theater play — construction of — what is not continuing.*

. Defendant, the proprietor of a theater, telegraphed to plaintiff, who had prepared a play for the stage : " What are your terms for Fernande (the play)? Can I produce it May 7 ?" Plaintiff answered: " Twenty dollars per night. You can announce it for May 7. If you conclude, will send you plot to-night. Answer." Defendant replied: " Agreed to terms. Piece announced for May 7. Send manuscript and plot immediately." Plaintiff sent the manuscript and plot, but defendant did not exhibit the piece. *Held,* that a contract existed between the parties for the exhibition of the play on May 7, and plaintiff was entitled to recover the price named for one night, and no more.

APPEAL by defendant from a judgment in favor of plaintiff for $527 and costs, entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the court.

The action was brought by James Schonberg against Arthur Cheney, for the breach of a contract to perform a play known as " Fernande," dramatized by plaintiff. The facts fully appear in the opinion.

*Wm. D. Booth,* for appellant.

*Charles Blandy,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The defendant was the proprietor of a theater in Boston, in which he agreed to produce and exhibit a play drama-

tized by the plaintiff, and afterward failed to perform the agreement. For that failure the plaintiff was entitled to recover ; and the extent of that right is the only point presented by the present appeal.

The contract was made by telegraph, and no substantial difference exists between the statement made of it in the complaint and the nature of it as the dispatches exhibit it. In the complaint it was alleged that, in consideration that the plaintiff would allow the defendant to act and produce the play, and would provide the manuscripts and scene plots of such play, he contracted and agreed to produce it, and act and perform the same, on the 7th day of May, 1870, and pay the plaintiff the sum of $20 for each and every time the piece should be produced and acted at Selwyn's theater, in Boston ; and that he further contracted to produce upon the stage and publicly represent the play within a reasonable time after receiving the manuscripts and scene plots. The plaintiff then avers that he accepted the contract and agreement so offered and made, and performed it on his part, but that the defendant refused to produce the play, and he claims damages for such nonperformance.

By the dispatch sent the plaintiff from the defendant's agent, he was asked : "What are your terms for Fernande ? Can I produce it May seventh ?" To this the plaintiff replied : "Twenty dollars per night. You can announce it for May seventh. If you conclude will send scene-plot to-night. Answer." The answer was returned : "Agreed to terms. Piece announced for May seventh. Send manuscript and plot immediately."

There was nothing in the correspondence by letter or in the other evidence given changing or extending these terms. Both the allegations contained in the complaint and the dispatches which passed between the plaintiff and the defendant's agent showed that a contract was made between the parties. But it was not one for any definite or indefinite number of nights. It was on the contrary only for the evening of the 7th of May, or according to the complaint, for some occasion within a reasonable time after the receipt of the manuscript and scene-plots. In either case but one production or exhibition of the play was agreed upon. And that was all that the plaintiff could positively require from the defendant for the purpose of performing the agreement made.

He undoubtedly expected and that may have been the anticipa-

tion of the defendant's agent that the play would be continued after the first exhibition of it. But there is a very marked distinction between a mere expectation and the obligation imposed by a contract. The former is contingent and uncertain, while the latter is fixed and definite. The defendant did not agree to produce it on more than one night, and the plaintiff insisted upon no such agreement. That was left optional, dependent upon the success of the first production and the subsequent assent of the parties. If the play had been once produced, neither this court nor any other can say that the defendant would have been inclined to produce it again. That remained uncertain, and the parties had designedly left it in that condition by the terms they used in making their agreement.

Under this state of the case the plaintiff simply lost by the failure to produce the play what the defendant agreed to pay for what he had bound himself to do. And that was the price of one production. He may have lost more, but that cannot be affirmed with any thing like a reasonable degree of certainty. The probability that he did was too slight to render it the proper subject of compensation by way of damages. The law allows their recovery only when they appear to be the necessary as well as the natural result of the act complained of. 2 Greenl. on Ev. (5th ed.), § 254; *Hamilton* v. *McPherson*, 28 N. Y. 72; *Newell* v. *Wheeler*, 4 Robt. 253. And they cannot be allowed as the consequence of the omission of an act which the party was left at liberty to perform or not, by the terms used in making the agreement. That was the state in which the proof left the present case as to all the nights beyond the first. The defendant was not asked to bind himself beyond the one night expressly mentioned, and neither his agent nor he himself used any terms from which it could be inferred that it was intended that he should enter into any such obligation. The court should, therefore, have charged, as the defendant requested, that the damages were limited to the sum of twenty dollars. The exception to the refusal to do so was well taken.

The judgment and order should be reversed and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*